UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH B. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-2005-RLY-TAB |
| | ) |
| DR. LECLERC, MS. BARNES, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

**I. Background**

Plaintiff Joseph Williams, an inmate at the New Castle Correctional Facility ("New Castle"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendants Dr. LeClerc and Ms. Barnes denied him medical treatment while he was an inmate at the Plainfield Correctional Facility ("Plainfield") in violation of the Eighth Amendment. Defendants Dr. LeClerc and Ms. Barnes move for summary judgment. Mr. Williams filed a response in opposition on October 19, 2015.

The defendants' motion argues that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Williams argues in response that he exhausted his available administrative remedies. For the reasons explained below, the motion for summary judgment [dkt. 32] is **denied** and further proceedings will be directed.

## II.  Discussion

### A. Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

### B. Findings of Fact

While Mr. Williams was incarcerated at Plainfield, he alleges that the defendants violated his constitutional rights by failing to provide him adequate medical care for pain after he fell on October 24, 2013.

Jennifer Smith is the Grievance Specialist at New Castle. As the Grievance Specialist, she is responsible for entering offender grievances and responses into the Offender Grievance and Evaluation System ("OGRE") used by the Indiana Department of Correction ("IDOC") to track offender grievances. Ms. Smith is also the custodian of offender grievances at New Castle.

Indiana Department of Correction Policy and Procedure 00-02-301, Offender Grievance Process ("OGP"), is intended to permit offenders at both Plainfield and New Castle to "resolve concerns and complaints relating to their conditions of confinement" prior to filing suit in court. [Filing No. 33-2]. The OGP consists of three steps: 1) an attempt to resolve the complaint or concern informally; 2) the filing of a formal grievance; and 3) an appeal of the response of the executive assistant, or his or her designee, to the formal grievance. [Filing No. 33-1].

Exhaustion of the grievance process requires pursuing a grievance to the final step. A grievance must be filed within twenty days from the date of the alleged incident. Issues or complaints regarding staff and conditions of confinement that affect the offender personally are matters that can be grieved through the OGP. [Filing No. 33-1].

Mr. Williams has been incarcerated at New Castle since February 13, 2014. He alleges in his complaint that he was denied pain medications and medical treatment for pain after he fell on October 24, 2013, while he was an inmate at Plainfield. This is a grievable issue and the OGP is applicable.

Mr. Williams filed an informal grievance on November 13, 2013. [Filing No. 50-1, at ECF p. 1]. On December 4, 2013, Mr. Williams filed a "letter of intent" addressed to Ms. Corbit. [Filing No. 50-1, at ECF p. 2]. The Executive Assistant instructed Mr. Williams to submit a condensed version of his complaint on the formal grievance form. [Filing No. 50-1, at ECF p. 9]. Mr. Williams filed a notice of tort claim on May 2, 2014. [Filing No. 50-1, at ECF p. 10].

On April 8, 2014, Mr. Williams submitted a request for interview. [Filing No. 50-1, at ECF p. 11]. On March 13, 2015, Mr. Williams filed an informal grievance alleging he was not receiving proper medical treatment for a back injury from 2013. He filed a formal grievance on April 3,

2015, that was denied on April 24, 2015. He filed an appeal of the formal grievance on April 28, 2015, that was denied on May 14, 2015. [Filing No. 50-1, at ECF pp. 12-16].

**C. Exhaustion**

The defendants argue that Mr. Williams failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140 (1992) ("Where Congress specifically mandates, exhaustion is required.").

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Williams failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

**D. Analysis**

The defendants' motion for summary judgment must be **denied** because there is a material fact in dispute. Specifically, the defendants argue in the motion for summary judgment that Mr. Williams did not file *any* grievances between October 24, 2013, and July 24, 2014. [Filing No. 33, at ECF p. 7]. However, the facts construed in the light most favorable to Mr. Williams show that he filed an informal grievance on November 13, 2013. [Filing No. 50-1, at ECF p. 1]. Mr. Williams also contends that he filed a formal grievance on November 28, 2013, and an appeal of the formal grievance on January 21, 2014, and alleges that his grievances went unanswered. [Filing No. 50, at ECF p. 5]. The grievance policy requires that the Executive Assistant "shall write a response to the grievance." [Filing No. 33-2, at ECF p. 22].

In the reply in support of motion for summary judgment, the defendants argue that Mr. Williams did not file a formal grievance or an appeal and cite to Ms. Smith's affidavit that Mr. Williams did not file *any* grievances between October 24, 2013, and July 24, 2014. [Filing No. 52, at ECF p. 2]. However, this argument does not address or acknowledge the informal grievance filed on November 13, 2013.

Prison staff having the responsibility of providing prisoners with a meaningful opportunity to raise grievances cannot refuse to facilitate that process and then later argue that the prisoner did not comply with procedures or file in a timely manner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Mr. Williams also contends that he exhausted his administrative remedies when he filed an informal grievance, formal grievance, and an appeal of the formal grievance in 2015, alleging he was not receiving proper medical treatment for a back injury that occurred in 2013.

The defendants respond that any grievance filed in 2015 relating to a back injury Mr. Williams sustained in 2013 is not timely. A grievance must be filed within twenty working days from the date of the alleged incident. [Filing No. 33-1, at ECF p. 2]. Post-filing exhaustion of administrative remedies does not establish compliance with the requirements of the statute. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . . To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until those efforts have run their course.")(internal citations omitted). To the extent the grievances Mr. Williams filed in 2015 relate to the back injury that allegedly occurred on October 24, 2013, they were not timely filed and do not satisfy the exhaustion requirements of the PLRA.

The facts construed in a fashion most favorable to Mr. Williams as the non-movant raise a material question of fact regarding whether Mr. Williams fully exhausted his administrative remedies in 2013 and the OGRE records are incomplete or whether the grievance process was available to him if the formal grievance and appeal went unanswered.

Accordingly, the motion for summary judgment [dkt. 32] is **denied.**

### III. Further Proceedings

The defendants shall have **through March 1, 2016,** in which to notify the court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual disputes detailed above.

**IT IS SO ORDERED.**

Date: 2/11/2016

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Williams, #993692
New Castle Correctional Facility
C3-111
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana 47362

Electronically registered counsel